MARION R. YAGMAN (SBN 83007)
yagman2@yagmanlaw.net
YAGMAN & YAGMAN & REICHMANN
723 Ocean Front Walk
Venice, California 90291-3212
(310) 452-3200

Attorneys for Plaintiff R. N. Vermillion

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| R. N. VERMILLION,<br><br>        Plaintiff,<br><br>v.<br><br>ROBERT M. LUMAN, JOHN KLEIN, CITY OF NEWPORT BEACH POLICE DEPARTMENT POLICE OFFICERS D. MAISANO, R. PETERS, #1271, J. PARK, #1219, and 10 UNKNOWN NAMED POLICE OFFICERS OF THE CITY OF NEWPORT BEACH POLICE DEPARTMENT, all sued in their individual/personal capacities and in their official capacities.<br><br>        Defendants. | No. CV09-9371 JFW MLGx<br><br>**COMPLAINT**<br><br>(Damages for Deprivation of Civil Rights)<br><br>**JURY DEMAND** |

## JURISDICTION AND VENUE

1. The claims made herein are asserted pursuant to the United States Constitution, and 42 U.S.C. 1983, *et seq.*, and the jurisdiction of this Court is invoked pursuant to 28 U.S.C. 1331 and 1343.

1

2. The acts and/or omissions complained of occurred in the Central District of California, and, therefore, venue lies in this District pursuant to 28 U.S.C. 1391.

## THE PARTIES

3. Plaintiff was within the jurisdiction of the United States of America at all times herein alleged, and was an inhabitant of the United States of America.

4. At the time of the incidents alleged herein, defendant John Klein was a California police officer and the City of Newport Beach Police Department ("CNBPD") police chief and the legal head and policymaker for the CNBPD, Newport Beach, California. The City of Newport Beach is a California governmental entity. Defendants D. Maisano, R. Peters, #1271, J. Park, #1219, and the ten unknown named defendants were California police officers, and at the time of the incidents alleged herein were police officer employees of the CNBPD. Defendant Robert M. Altman is a California police officer and the current CNBPD police chief and legal head and policymaker for the CNBPD. Plaintiff is ignorant of the true names of the ten unknown named CNBPD police officer defendants and for that reason sues those defendants by such fictitious names. Plaintiff is informed and believes and based thereon alleges that each of the fictitiously named defendants is liable for the injuries alleged in this Complaint. Plaintiffs will seek leave to amend this Complaint to allege the true names of the fictitiously named defendants when such are ascertained.

5. Each and every defendant is sued in his/her individual/personal capacity, as well as in his/her official capacity if he/she had any policymaking duties, functions, or responsibilities with respect to the matters alleged herein.

## FACTS COMMON TO ALL COUNTS

6. Each and every allegation set forth in each and every averment of this pleading hereby is incorporated by this reference into each and every other

2

...

averment and allegation of this pleading.

7. The plaintiff was deprived of an interest protected by the Constitution and/or laws of the United States of America, and each and every defendant caused, by commission or omission, such deprivation while acting under color of state law.

8. All acts and/or omissions perpetrated by each defendant, except a governmental entity or any defendant in his/her official capacity only, were engaged in maliciously, callously, oppressively, wantonly, recklessly, with deliberate indifference to the rights allegedly violated, despicably, and with evil motive and/or intent, in disregard of the rights of the plaintiff.

9. Any defendant in his/her official capacity knowingly, or grossly negligently, or with deliberate indifference to the rights allegedly violated, caused to come into being, maintained, fostered, condoned, approved of, either before the fact or after the fact, ratified, took no action to correct, an official policy, practice, procedure, or custom of permitting the occurrence of the categories of wrongs set forth in this pleading, and/or improperly, inadequately, with deliberate indifference to the constitutional or other federal rights of persons, grossly negligently, with reckless disregard to constitutional or other federal rights, failed properly to train, to supervise, to retrain, if necessary, to monitor, or to take corrective action with respect to the police and with respect to the types of wrongful conduct alleged in this pleading, so that each one of them is legally responsible for all of the injuries and/or damages sustained by the plaintiff pursuant to the principles set forth in *Monell v. New York City Dept. of Social Services*, and its progeny.

The policymaker defendants Robert M. Luman, John Klein, and any unknown named supervisory police officer defendants, are sued on this theory

both in their individual/personal capacities as well as in their official capacities.

Also, it is alleged that prior failures to investigate police misconduct and/or to discipline police found culpable for misconduct, inadequate investigations into and/or inadequate discipline imposed for police misconduct, and/or a failure to investigate and/or to discipline the police defendants for their alleged misconduct in this case, all make the policymaker defendants liable for the police misconduct.

10. On or about February 19, 2008, at approximately 2:00 a.m., in a treatment room in the Emergency Room section of Hoag Memorial Hospital, in Newport Beach, California, while plaintiff was undergoing treatment in the Emergency Room for a serious medical condition, and while plaintiff was an arrestee, defendant D. Maisano used excessive force on plaintiff, and thereby caused plaintiff to suffer severe, permanent, physical injuries, and great pain and suffering, and emotional distress, and which also aggravated and exacerbated pre-existing serious medical conditions.

11. On or about February 19, 2008, at approximately 3:00 p.m., and thereafter, CNBPD police officer defendants D. Maisano, R. Peters, #1271 and J. Park, # 1219, and five unknown named CNBPD police officer defendants, and each of them, while plaintiff was in their custody as an arrestee, failed to obtain medical treatment for the injuries inflicted upon plaintiff by D. Maisano when he used excessive force on plaintiff, in deliberate indifference to plaintiff's serious medical needs, thereby aggravating plaintiff's severe physical injuries and causing plaintiff to suffer additional pain and suffering and severe emotional distress.

12. On or about February 19, 2008, CNBPD police officer defendants D. Maisano, R. Peters, #1271, J. Park, # 1219, and five unknown named CNBPD police officer defendants, and each of them, conspired and agreed to cover up and conceal the excessive force used on plaintiff by D. Maisano, and to that end filed

1 no use of force reports, and failed to properly photograph and document the
2 injuries inflicted upon plaintiff by D. Maisano, and also in furtherance of that end,
3 failed to obtain medical treatment for the serious medical needs of plaintiff caused
4 by the injuries inflicted upon plaintiff by D. Maisano, even though medical care
5 was readily available because the incident occurred at the Hoag Memorial
6 Hospital Emergency Room, and did so because the treatment of the injuries
7 inflicted on plaintiff by defendant D. Maisano would have resulted in the
8 documentation of the excessive use of force by D. Maisano on plaintiff.

## COUNT ONE

13. At the time of the incident or incidents alleged in this case, set forth at averments 10-12, immediately above, the rights of persons within the jurisdiction of the United States of America under the Fourth Amendment to the United States Constitution to be secure in home, person, papers, and effects against unreasonable searches and/or seizures, and not to be subjected to the use of unreasonable or excessive force were in effect, and any individual police officer defendant who engaged in conduct (including actionable omissions, if applicable), as set forth in averments 10-12, immediately above, violated those Fourth Amendment rights, and thereby also violated the Fourteenth Amendment to the United States Constitution, and by virtue thereof, each such police officer is liable to the plaintiff for compensatory and punitive damages, according to proof.

## COUNT TWO

14. At the time of the incident or incidents alleged in this case, set forth in averments 10-12, immediately above, the plaintiff was an arrestee whose rights under the Fourteenth Amendment to the United States Constitution not to suffer a deprivation of due process or of equal protection of the laws by virtue of the defendants' deliberate indifference to her serious medical needs, and to be free

from cruel and unusual punishment, were in effect, and any individual police officer defendant who engaged in conduct, as set forth hereinabove in averments 10-12, caused a violation of those rights, and by virtue thereof, each such police officer is liable to the plaintiff for compensatory and punitive damages, according to proof.

### COUNT THREE

15. Also, it is alleged that there was an agreement or understanding between or among CNBPD police officer defendants D. Maisano, R. Peters, #1271, and J. Park, # 1219, and the five unknown named CNBPD police officer defendants, and each of them, to engage in the conduct alleged herein to be wrongful and that there was the commission of an overt act in furtherance of said conspiracy. The aforesaid defendants conspired and agreed to file false police reports that did not document or in any way describe the injuries inflicted upon plaintiff by defendant D. Maisano, and conspired and agreed that they would not take photographs that depicted the injuries suffered by plaintiff as a result of D. Maisano's use of excessive force, and further conspired and agreed that they would not seek medical care for the injuries suffered by plaintiff as a result of the excessive force used by D. Maisano, and, as a result of said conspiracy and agreement, filed false police reports that make no mention of the injuries inflicted upon plaintiff by D. Maisano's excessive use of force, and did not take photographs that depicted plaintiff's injuries, or seek medical treatment for those injuries while plaintiff, an arrestee, was in their custody.

### COUNT FOUR

16. The unconstitutional acts of the individual police officer defendants alleged herein were the product of the policies, customs and practices of the policymaker defendants, as heretofore alleged and set forth in averment 9, and said

custom, practices, and policies were the moving force behind the constitutional violations alleged herein and caused said unconstitutional violations, which the policymakers defendants thereafter condoned, acquiesced in and ratified.

WHEREFORE, the plaintiff requests relief as follows, and according to proof, against each defendant:

1. The award of general and compensatory damages against each defendant, according to proof;

2. Punitive damages against each defendant in his/her individual/personal capacity only, according to proof;

3. Interest from the date of the wrongful conduct;

4. Costs of suit, including attorneys' fees; and,

5. Such other relief as may be warranted or is just and proper.

## JURY DEMAND

Trial by jury of all issues is demanded.

YAGMAN & YAGMAN & REICHMANN.

By: _____
MARION R. YAGMAN

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge John F. Walter and the assigned discovery Magistrate Judge is Marc Goldman.

The case number on all documents filed with the Court should read as follows:

**CV09- 9371 JFW (MLGx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] Western Division<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] Southern Division<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] Eastern Division<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)      NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

**ORIGINAL**

Name & Address:
MARION R. YAGMAN (SBN # 83007)
YAGMAN & YAGMAN & REICHMANN
723 Ocean Front Walk
Venice, CA 90291-3212
(310) 452-3200

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

R. N. VERMILLION,

PLAINTIFF(S)

v.

ROBERT M. LUMAN, [SEE PAGE TWO FOR LIST OF ADDITIONAL DEFENDANTS]

DEFENDANT(S).

CASE NUMBER

CV09-9371 JFW MLGx

**SUMMONS**

TO: DEFENDANT(S): ROBERT M. LUMAN, JOHN KLEIN, D. MAISANO, R. PETERS, #1271, J. PARK, # 1219

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Marion R. Yagman_____, whose address is _Yagman & Yagman & Reichmann, 723 Ocean Front Walk, Venice, CA 90291_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: December _22, 2009_____   By: _[signature]_____
                                       Deputy Clerk

                                       (Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

---

CV-01A (12/07)                          SUMMONS

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

SUMMONS

VERMILLION V. LUMAN, et al.,                                   Page Two

**Attachment:   Additional Defendants:**

JOHN KLEIN, CITY OF NEWPORT
BEACH POLICE DEPARTMENT
POLICE OFFICERS D. MAISANO,
R. PETERS, #1271, J. PARK, #1219,
and 10 UNKNOWN NAMED
POLICE OFFICERS OF THE
CITY OF NEWPORT BEACH POLICE
DEPARTMENT, all sued in their
individual/personal capacities and
in their official capacities,

                    Defendants.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
R. N. VERMILLION

**DEFENDANTS**
ROBERT M. LUMAN, JOHN KLEIN, CITY OF NEWPORT BEACH POLICE DEPARTMENT POLICE OFFICERS D. MAISANO, R. PETERS, #1271, J. PARK, #1219

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
MARION R. YAGMAN, YAGMAN & YAGMAN & REICHMANN,
723 Ocean Front Walk, Venice, CA 90291
(310) 452-3200

**Attorneys (If Known)**

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No  ☒ **MONEY DEMANDED IN COMPLAINT:** $ According to proof

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Section 1983 Violations of Fourth and Fourteenth Amendments -- Excessive Force, deliberate indifference to serious medical needs

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | |
| ☐ 810 Selective Service | | | **CIVIL RIGHTS** | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| | ☐ 160 Stockholders' Suits | | ☐ 443 Housing/Acco-mmodations | | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | | | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | **IMMIGRATION** | | ☐ 690 Other | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus-Alien Detainee | ☒ 440 Other Civil Rights | | |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | |

CV09-9371

FOR OFFICE USE ONLY:   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                CIVIL COVER SHEET                Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | COLORADO |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| ORANGE |  |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
  **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| ORANGE |  |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date December 21, 2009

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |